UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BROWN,

    Plaintiff,                                      Case No. 14-cv-13615

v.                                                HONORABLE STEPHEN J. MURPHY, III

DEARBORN POLICE DEPARTMENT,

    Defendant.

                                            /

**OPINION AND ORDER DISMISSING
COMPLAINT** (document no. 1) **AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

    Christopher Brown brings a pro se prisoner civil rights case under 42 U.S.C. § 1983. Brown is incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He alleges that, when arresting him in 2012 for two firearms-related offenses, City of Dearborn police officers fractured his jaw in two places and failed to provide him proper medical care. The Dearborn Police Department is not a person who may be sued under § 1983. The Court will dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2).

    Civil Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Brown has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Brown names a single defendant, the Dearborn Police Department. A municipal police department is not a legal entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (upholding dismissal of complaint against county jail because it was not a legal entity susceptible to suit); *Lockwood v. Mason Cnty. Sheriff's Dep't*, 187 F.3d 636, at *2 (6th Cir. 1999) (upholding dismissal of complaint against sheriff's department). Therefore, the Court concludes that Brown fails to state a claim upon which § 1983 relief may be granted. Accordingly, the Court orders Brown's complaint summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons stated in this order, the Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Brown is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). Nevertheless, should Brown decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(5).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Brown's complaint (document no. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Brown will be **DENIED** leave to appeal in forma pauperis.

**SO ORDERED**.

                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: November 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 17, 2014, by electronic and/or ordinary mail.

                                         s/Carol Cohron
                                         Case Manager